UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

BONNIE BURNS
2096 Menelaus Road
Berea, Kentucky 40403
    Plaintiff

**COMPLAINT**

vs.

RICHMOND AUTO PARTS TECHNOLOGY, INC. DISABILITY PLAN
Serve: Any Officer of Richmond Auto Parts Technology, Inc.
5000 Corporate Way
Richmond, Kentucky 40475
OR   Serve Registered Agent: 1400, LLC
      300 West Vine Street Suite 1200
      Lexington, Kentucky 40507

LIFE INSURANCE COMPANY OF NORTH AMERICA as Plan Administrator of the
RICHMOND AUTO PARTS TECHNOLOGY, INC. DISABILITY PLAN
Serve: Any officer
2 Liberty Place
1601 Chestnut Street
Philadelphia Penn 19192-2211
    Defendants

\* \* \* \* \*

    Comes the plaintiff, Bonnie Burns, by counsel, and for her cause of action against the defendants, Richmond Auto Parts Technology, Inc. Disability Plan and Life Insurance Company of North America as Plan Administrator of the Richmond Auto Parts Technology, Inc. Disability Plan, states as follows:

<u>JURISDICTION AND VENUE</u>

    1.    This Court has jurisdiction of this civil action pursuant to 29 U.S.C. Sec. 1132(e)(1) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001, et. seq. ("ERISA"), in that it involves claims relating to and in

1

connection with employee benefit plans established or maintained by an employer and governed by ERISA.

2. Venue is proper in this Court pursuant to 29 U.S.C. Sec. 1132(e)(2) in that this ERISA action is brought in the judicial district wherein one or more of the defendants maintains a substantial presence.

3. This is an action to recover benefits under employee benefit plans, programs and arrangements; for restitution for the value of lost benefits; and for other appropriate relief brought under the provisions of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B).

4. The plaintiff is a resident of Berea, Madison County, Kentucky.

5. Upon information and belief, the plaintiff, at all times relevant hereto, was an employee of Richmond Auto Parts Technology, Inc., a Kentucky corporation which is active and in good standing with the Kentucky Secretary of State. Richmond Auto Parts Technology, Inc. provided to its employees, including the plaintiff, and/or gave its employees the opportunity to purchase, certain benefits.

6. Some or all of Richmond Auto Parts Technology, Inc.'s plans are employee benefit plans under ERISA and the plan is being sued as an entity pursuant to 29 U.S.C. Sec. 1132(d). The defendant, Richmond Auto Parts Technology, Inc., maintains a substantial presence in Richmond, Madison County, Kentucky where the plaintiff worked. Richmond Auto Parts Technology, Inc. promised, at all relevant times, to provide benefits under the plan to employees of Richmond Auto Parts Technology, Inc., which conducted substantial business in Madison County, Kentucky. Certain benefits alleged by the plaintiff to be denied were provided to Richmond Auto Parts

Technology, Inc. employees as the policyholder and issued through defendant Life Insurance Company of North America ("LINA").

7. Defendant maintains or sponsors employee benefit plans, programs and arrangements in which employees of Richmond Auto Parts Technology, Inc. are and were eligible to participate, specifically including short-term disability benefits and long-term disability benefits.

8. The Defendant LINA is believed to be the Plan Administrator of the Richmond Auto Parts Technology, Inc. Disability Plan covering the plaintiff and the fiduciary of some or all of the Richmond Auto Parts Technology, Inc. ERISA Plan(s), in particular the plan(s) covering the plaintiff, Bonnie Burns.

## FACTS

9. The plaintiff worked as an employee of defendant Richmond Auto Parts Technology, Inc. in Madison County, Kentucky prior to becoming disabled. The plaintiff's work was classified as *Trade Compliance Traffic Coordinator*. She participated in Richmond Auto Parts Technology, Inc.'s employee benefit plans and arrangements and received during her employment benefits made available to the employees of Richmond Auto Parts Technology, Inc. generally.

10. The plaintiff worked for defendant Richmond Auto Parts Technology, Inc. until December 4, 2015, at which time she claimed total disability and took a leave of absence on the advice of her physician(s), as plaintiff was advised by her physician that she could not return to work because she suffered from neck pain and right upper extremity pain related to systemic degenerative disk disease, herniated disc neck, and

Technology, Inc. employees as the policyholder and issued through defendant Life Insurance Company of North America ("LINA").

7. Defendant maintains or sponsors employee benefit plans, programs and arrangements in which employees of Richmond Auto Parts Technology, Inc. are and were eligible to participate, specifically including short-term disability benefits and long-term disability benefits.

8. The Defendant LINA is believed to be the Plan Administrator of the Richmond Auto Parts Technology, Inc. Disability Plan covering the plaintiff and the fiduciary of some or all of the Richmond Auto Parts Technology, Inc. ERISA Plan(s), in particular the plan(s) covering the plaintiff, Bonnie Burns.

## FACTS

9. The plaintiff worked as an employee of defendant Richmond Auto Parts Technology, Inc. in Madison County, Kentucky prior to becoming disabled. The plaintiff's work was classified as *Trade Compliance Traffic Coordinator*. She participated in Richmond Auto Parts Technology, Inc.'s employee benefit plans and arrangements and received during her employment benefits made available to the employees of Richmond Auto Parts Technology, Inc. generally.

10. The plaintiff worked for defendant Richmond Auto Parts Technology, Inc. until December 4, 2015, at which time she claimed total disability and took a leave of absence on the advice of her physician(s), as plaintiff was advised by her physician that she could not return to work because she suffered from neck pain and right upper extremity pain related to systemic degenerative disk disease, herniated disc neck, and

pinched nerve in right shoulder following two previous cervical surgeries at C4-5 and C5-6. Per the plaintiff's treating physician, Phillip A. Tibbs, M.D., the pain cannot be alleviated by further surgical intervention. Further, per Dr. Tibbs, the plaintiff requires extensive management with opioids which impairs her ability to safely perform work activities of any type. The plaintiff last worked at Richmond Auto Parts Technology, Inc. on or about December 3, 2015.

11. As part of Richmond Auto Parts Technology, Inc.'s employee benefits, short-term disability insurance and long-term disability insurance coverage was made available to its employees through defendant LINA.

12. Thereafter, the plaintiff was unable to return to the workplace. Accordingly, she applied with the defendants for disability benefits. LINA, by and through CIGNA Group Insurance Disability Management Solutions, received this application and denied the plaintiff short-term disability benefits by letter dated March 8, 2016, stating that CIGNA had not received medical documentation of an impairment that would prevent the plaintiff from performing her normal job duties of a Trade Compliance Coordinator or medical documentation to demonstrate that plaintiff continued to meet the definition of disability as defined in the Plan. (See *Exhibit 1*.)

13. Thereafter, the plaintiff timely administratively appealed this determination on September 1, 2016. LINA, as Plan Administrator, by and through CIGNA Group Insurance, affirmed the denial on May 18, 2017 (see *Exhibit 2*).

14. A second appeal request was made by the plaintiff by submittal dated November 14, 2017 but was not considered per CIGNA's letter dated December 8, 2017 (see *Exhibit 3*), because CIGNA advised that the second request for appeal is a

4

voluntary level of appeal provided by CIGNA and not required and additional medical documentation for the period up to December 4, 2015 was all that the Plan would consider, even though the information provided to the Plan in that submission clearly showed that the plaintiff was unable to return to her job as a Trade Compliance Traffic Coordinator.

15. Despite two earlier cervical spine surgeries, the plaintiff continues to suffer from neck and upper right extremity pain related to significant systemic degenerative disc disease that cannot be alleviated by further surgical intervention. The plaintiff also has other morbidities, such as discoid lupus erythematosus. The plaintiff continues to treat with John Gillispie, MD, primary care physician; Dr. Phillip Tibbs of UK Kentucky Neuroscience Institute; Ballard Wright, MD, PSC, The Pain Treatment Center of the Bluegrass; Melissa Knuckles, M.D., dermatologist; and also now treats with St. Joseph Rheumatology Associates.

16. Dr. Tibbs opined that prolonged use of a computer/keyboard is deleterious to the cervical spine, especially in patients such as the plaintiff with advanced degenerative disc disease. Dr. Tibbs further opined that the plaintiff's extensive management of pain with opioids impairs her ability to safely perform work activities of any type.

17. The Plan's policy defines disability for the time period in question as follows: "The employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

(1) unable to perform the material duties of his or her Regular Job; and

(2) unable to earn eighty percent (80%) or more of his or her Covered Earnings from working in his or her Regular Job."

18. The plaintiff's job as a Trade Compliance Traffic Coordinator with Richmond Auto Parts Technology, Inc. required her, among other responsibilities, to sit and stand for prolonged periods, to operate computers and software, maneuver around the plant; bend, stoop, lean, squat, move both arms above the head; stand and walk and carry items weighing as much as 35 pounds; climb a step ladder, and frequent lifting of up to 20 pounds and occasionally 35 pounds. The plaintiff's condition not only restricts her ability to do these functions, but the doctor also advises that prolonged use of a computer/keyboard would cause harm or damage to the plaintiff's cervical spine, which was already compromised by significant systemic degenerative disc disease. Dr. Tibbs opined that the plaintiff must be considered impaired from the type of work she did in the past.

19. Accordingly, the plaintiff's condition meets the disability criteria as defined by the defendant Plan.

20. Defendant LINA's denial of plaintiff's entitlement is arbitrary and capricious. At no time has LINA articulated a rational or sound basis for its denial of plaintiff's claim. LINA's decision to deny the plaintiff short-term disability benefits has served to breach the fiduciary duty it owes to the Plan participants generally and the plaintiff specifically.

21. As a result, the plaintiff has suffered damages including loss of past and future retirement benefits, lost wages and a loss of other benefits, including disability payments available to the plaintiff from her employment benefits.

22. On November 19, 2018 the plaintiff was awarded Social Security Disability benefits arising out of the medical conditions set forth herein.

## CLAIMS FOR RELIEF

### COUNT I
### Claim for ERISA Benefits

23. The plaintiff realleges and reavers all of the allegations contained in paragraphs one through 22 above, except where in conflict or contrast to the allegations made in this count.

24. Pursuant to ERISA, the plaintiff is entitled to benefits under those plans, programs, and arrangements established or maintained by Richmond Auto Parts Technology, Inc. and administered by defendant LINA from December 4, 2015 forward under the terms of the defendant Plan, in which the plaintiff would have been entitled to participate and would have received benefits had the defendant LINA appropriately approved her claim.

25. Thereafter, the plaintiff should also be entitled to long-term disability benefits under the terms of the short-term and long-term disability provisions of the Plan.

26. As a direct and proximate result of the actions of the defendant in denying plaintiff's claim for short-term disability, the plaintiff has lost benefits under the policy Plan in an amount not yet known in full by the plaintiff at this time. She is also entitled to have her attorney's fees and costs paid as well as all other incidental and consequential damages to which she is entitled under the law.

WHEREFORE, the plaintiff, Bonnie Burns, respectfully requests this Court to enter a final judgment against the defendant as follows:

(1) For declaratory judgment against the defendants, Life Insurance Company of North America as Plan Administrator of the Richmond Auto Parts Technology, Inc. Disability Plan and Richmond Auto Parts Technology, Inc. Plan, on plaintiff's claims for benefits under the defendant Plan, and any and all relief to which the plaintiff may be entitled under the provisions of ERISA with respect to the defendant Plan governed by ERISA, including vesting and calculation of benefits under the defendant Plan based on her service with Richmond Auto Parts Technology, Inc.;

(2) Interest on all amounts wrongfully denied to the plaintiff;

(3) The costs and the reasonable attorney fees the plaintiff expends in this action; and

(4) Any and all other relief to which she may appear entitled.

J. GREGORY JOYNER, PLLC
JOYNER LAW OFFICES
2300 Hurstbourne Village Drive STE # 700
Louisville, Kentucky 40299
(502) 491-7551; fax: (502) 491-7558
greg@joynerlawoffices.com
faline@joynerlawoffices.com
COUNSEL FOR PLAINTIFF